# CIRCUIT COURT OF CHESTERFIELD COUNTY

James Jerome

v.

Gail Farmer

July 15, 2003

Case No. CL02-784

BY JUDGE CLEO E. POWELL

On June 23, 2003, the parties appeared, by counsel, and argued on the petitioner's Motion to Disqualify Counsel. The Court took this matter under advisement, and, upon hearing the arguments and reviewing the brief submitted, the Court rules as follows.

The facts indicate that The Allen Law Firm represented Ms. Farmer on two separate occasions where she alleged she was injured in automobile accidents occurring in 1996 and 1997, the last accident being over five years ago. Ms. Farmer has indicated that subsequent to the last accident where The Allen Law Firm was retained as counsel for her, she has not had any contact with the firm except that she has sent Christmas cards to the firm.

Mr. Jerome has now retained The Allen Law Firm to represent him on a present automobile accident where Ms. Farmer is the named defendant. Defendant argues that she was not contacted to obtain her consent that The Allen Law Firm represent Mr. Jerome and argues that The Allen Law Firm should be disqualified because she was previously represented by the firm on similar matters. Ms. Farmer asserts that the conflict of interest arises because of information shared by Ms. Farmer with The Allen Law Firm at the time the firm represented her in the two automobile accident matters.

Plaintiff argues that the motion to disqualify should be denied because, though the law firm represented Ms. Farmer in previous matters, that representation ended at least five years ago, there has been no contact from the

law firm with Ms. Farmer since such time, and there is no substantial relationship between this matter and the two automobile accidents of 1996 and 1997.

In *In re Chantilly Const. Corp.*, 39 B.R. 466 (1984), the Court found that to determine whether the Court should grant or deny a request involving the disqualification of counsel, it must weigh the right of a party to retain counsel of his choice with the substantial hardship which might result from disqualification. *Id.* at 468. Further, the Court stated that there is a high standard of proof for one seeking counsel disqualification.

In *Chantilly*, the attorney had represented the debtor on a few occasions and the debtor had maintained a relationship with the attorney by keeping in contact with the attorney for purposes of obtaining legal advice. Subsequently, the attorney informed the debtor that he could not assist him in a particular matter due to his representation of a company involved in the matter. Here, the Court found that, though there were a number of dealings between the debtor and the law firm and the law firm may have gained knowledge about the "personality of the debtor's officers and employees during this prior representation," this basis is insufficient to qualify as a basis for disqualification of counsel. The Court cited Rule 1.9 of the Virginia Rule of Professional Conduct which states in pertinent part: "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless both the present and former client consent after consultation." For a disqualification motion to be granted, the issues involved have been described as necessarily being "identical" or "essentially the same." *Id.* at 469. The Court stated that the matters were not similar enough in nature and denied the motion to disqualify counsel.

As is the case in *Chantilly*, the present defendant has not presented sufficient evidence to indicate that The Allen Law Firm has gained knowledge from previously representing Ms. Farmer that would substantially relate to the present matter. The issues in an automobile accident that occurred five years ago cannot be legitimately defined as either identical or essentially the same. Ms. Farmer was involved in two automobile accidents and, at the conclusion of the matters, has not consulted or sought the legal advice of The Allen Law Firm at anytime subsequent to the accidents. The fact that The Allen Law Firm represented Ms. Farmer in two automobile accidents and she is now the defendant in an automobile accident in which it represents the plaintiff is

insufficient alone to require the disqualification of counsel. Plaintiff argues that The Allen Law Firm may have obtained information as to Ms. Farmer's "ability as a witness, driving history, and ability, credibility, physical ability[, and] financial position." Pl.'s Mot. to Disqualify 7. Though the law firm may have gained knowledge of Ms. Farmer based on its representation, there is no evidence that suggests the prior representation is substantially related to the present matter that would be materially adverse to Ms. Farmer. For example, there is no evidence that indicates that the two previous automobile accidents are related to the present one or that the present plaintiff was somehow connected to the two accidents of 1996 and 1997.

Therefore, for the foregoing reasons, the motion to disqualify plaintiff's counsel is denied.